IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02073-RM-STV

ZHANDA CAREY,

    Plaintiff,

v.

DEPUTY CARLOS BUITRAGO,
SERGEANT TINA LOVATO,
DEPUTY JOHN WEST,
DEPUTY DONALD DEMELLO,
DEPUTY JAMES ANDERSON,
DEPUTY BILLY HUMBLES,
DEPUTY CHASE AUMILLELR,
DEPUTY DANIEL TRUJILLO,
DEPUTY RONALDO GRANZIER, and
SERGEANT JAMES CASIAS

    Defendants.

_____

## ORDER
_____

Magistrate Judge Scott T. Varholak

This matter is before the Court on Defendant Carlos Buitrago's Motion to Stay Discovery [#30] (the "Motion"), which has been referred to this Court [#32]. Plaintiff responded to the Motion on November 18, 2019. [#41] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the instant Motion to Stay. For the following reasons, the Motion is **GRANTED**.

## I. Background

Plaintiff Zhandy Carey is in custody at the Denver County Jail ("DCJ"). Plaintiff filed an Amended Complaint on September 5, 2019, alleging violations of his Fourth, Eighth, and Fourteenth Amendment rights under the United States Constitution, as well as violations of the Colorado Constitution. [#23] The claims arise out of Defendants' response to Plaintiff's attempt to commit suicide while at the DCJ.

Defendant Buitrago[1] filed a Motion to Dismiss on October 10, 2019, arguing that the Court lacks subject matter jurisdiction over Plaintiff's state law claims, that Defendant Buitrago is entitled to qualified immunity on the federal claims, and that Plaintiff has failed to adequately plead claims against Defendant Buitrago in his official capacity. [#27] Defendant Buitrago filed the instant Motion on November 6, 2019. [#30] In the Motion, Defendant Buitrago argues that discovery proceedings should be stayed pending the Court's resolution of the Motion to Dismiss, because allowing discovery to proceed would undermine the protections of qualified immunity. [*Id.*] Plaintiff has responded to the Motion. [#41]

## II. Analysis

When considering whether to grant a stay, the Court weighs the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-CV-01934-

---

[1] The remaining Defendants are not required to respond to the Amended Complaint until December 5, 2019. [#38]

LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). Considering these factors, the Court concludes that a stay is warranted pending resolution of the Motion to Dismiss.

First, although Plaintiff has an interest in proceeding expeditiously, Plaintiff has failed to identify any specific prejudice that a delay would cause. Plaintiff simply states that he seeks to move forward with his case and that Defendant Buitrago's arguments for dismissal are meritless. [#41 at 1] Nor is the Court aware of any prejudice that may result, especially because the factual allegations in this case are fairly simple and the events giving rise to Plaintiff's claims occurred relatively recently. Because Plaintiff has failed to provide any "specific examples of how [his] ability to conduct discovery might be adversely affected by a stay," the Court finds that Plaintiff's general interest in proceeding expeditiously does not overcome the factors discussed below that weigh in favor of a stay. *Stone v. Vail Resorts Dev. Co.*, Civil Action No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010).

Second, the Court finds that proceeding with discovery would impose a burden upon Defendant Buitrago. A ruling in favor of Defendant on the Motion to Dismiss would be dispositive.[2] Thus, staying discovery may relieve the burdens of discovery for Defendant Buitrago. This fact is particularly important in this case, where Defendant Buitrago has asserted a qualified immunity defense. As the Supreme Court has made clear, "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991)

---

[2] The Motion to Dismiss has been referred to this Court. [#28] The instant Order has no bearing on the merits of the Motion to Dismiss.

3

(Kennedy, J., concurring in the judgment)). Accordingly, the second factor supports granting the Motion.

Third, the Court considers its own convenience. This District has recognized that "an ill-advised stay" may inconvenience the Court because "the resulting delay makes the Court's docket less predictable and, hence, less manageable." *Stone*, 2010 WL 148278, at *3. But "[w]here a pending motion may dispose of an action . . . a stay of proceedings may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed." *Id.* Here, if successful, the Motion to Dismiss would entirely dispose of the action against Defendant Buitrago. Given that this case is in its very early stages, the Court finds that the interests of judicial economy weigh in favor of granting the stay.

The fourth and fifth factors are either neutral or support staying this action. Neither party has identified any nonparty whose interests would be impacted by the requested stay. Moreover, while the public has an interest in the speedy resolution of legal disputes, *see*, *e.g.*, *Waisanen v. Terracon Consultants, Inc.*, Civil Action No. 09-cv-01104-MSK-KMT, 2009 WL 5184699, at *2 (D. Colo. Dec. 22, 2009), "there is also a strong public policy behind the qualified immunity doctrine. Among other things, this includes avoiding unnecessary expenditures of public and private resources on litigation." *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *4 (D. Colo. July 30, 2015). As a result, the fifth factor supports granting the stay.

Considering the factors set forth above, the Court determines that a stay of discovery pending resolution of the Motion to Dismiss is warranted.  Accordingly, the Motion to Stay Discovery [#30] is **GRANTED**.

The Court further notes that Plaintiff has yet to respond to the Motion to Dismiss. The Court sua sponte extends Plaintiff's deadline to respond to December 12, 2019. Should Plaintiff fail to respond by that date, **the Court will consider the Motion to Dismiss without input from Plaintiff**.  Finally, **a Status Conference is set for March 6, 2020 at 10:30 a.m.** in Courtroom A-402 before Magistrate Judge Scott T. Varholak. Plaintiff, and, if applicable, his case manager, may participate telephonically by calling the Court at (303) 335-2365 at the scheduled date and time.

DATED:  November 21, 2019                    BY THE COURT:

                                                                             s/Scott T. Varholak
                                                                             United States Magistrate Judge