**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-02073-RM-STV

ZHANDA CAREY,

      Plaintiff,

v.

DEPUTY CARLOS BUITRAGO,
SERGEANT TINA LOVATO,
DEPUTY JOHN WEST,
DEPUTY DONALD DEMELLO,
DEPUTY JAMES ANDERSON,
DEPUTY BILLY HUMBLES,
DEPUTY CHASE AUMILLELR,
DEPUTY DANIEL TRUJILLO,
DEPUTY RONALDO GRANZIER, and
SERGEANT JAMES CASIAS,

      Defendants.

**ORDER**

This matter is before the Court on the March 18, 2020, Recommendation of United States Magistrate Judge Scott T. Varholak (the "Recommendation") (ECF No. 62) to GRANT the following motions: (1) Defendant Carlos Buitrago's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 27); (2) the Cell Extraction Defendants'[1] Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 50); and Defendant Casias's Motion to Dismiss

---

[1] The Cell Extraction Defendants are Sergeant Tina Lovato and Deputies Chase Aumiller, Billy Humbles, Donald Demello, Ronaldo Granzier, Daniel Trujillo, John West, and James Anderson.

Plaintiff's Amended Complaint (ECF No. 51). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (ECF No. 62, p. 33.) Despite this advisement, no objections to the Recommendation have to date been filed by any party and the time to do so has expired. (*See generally* Dkt.)

The Court concludes that Magistrate Judge Varholak's analysis was thorough and sound, and that there is no clear error on the face of the record.[2, 3] *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation is, therefore, adopted as an order of this Court.

In accordance with the foregoing, the Court:

(1) **ACCEPTS** and **ADOPTS** the Recommendation of United States Magistrate Judge (ECF No. 62) in its entirety;

(2) **GRANTS** the following motions:

---

[2] The Magistrate Judge construed the Amended Complaint as asserting certain claims, such as the Eighth Amendment claims against some Defendants, in their individual capacities, and not others. (ECF No. 62, p. 16.) Plaintiff does not object to such constructions of his complaint and, finding no clear error, the Court accepts the Magistrate Judge's constructions.

[3] In the Conclusion, the Magistrate Judge recommended granting Defendant Lovato's motion to dismiss to the extent she seeks dismissal of Plaintiff's Eighth Amendment claims. Here, based on his construction of Plaintiff's operative complaint, the Magistrate Judge recommended dismissal of the Eighth Amendment conditions of confinement claim against Defendant Lovato.

    (a) Defendant Carlos Buitrago's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 27);

    (b) Cell Extraction Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 50); and

    (c) Defendant Casias's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 51);

(3) **DISMISSES WITHOUT PREJUDICE** the following claims**:**

    (a) Plaintiff's state law claims, including any claim based on the Colorado Constitution, against all Defendants;

    (b) Plaintiff's official capacity claims against all Defendants;

    (c) Plaintiff's Eighth Amendment claims against Deputy Buitrago and Sergeant Casias in their individual capacities;

    (d) Plaintiff's Eighth Amendment claim based on conditions of confinement against Sergeant Lovato in her individual capacity;

    (e) Plaintiff's Fourteenth Amendment Equal Protection claim against the Cell Extraction Defendants in their individual capacities; and

    (f) Any claim in reliance on the Universal Declaration of Human Rights for lack of standing;[4]

(4) **STRIKES** Plaintiff's request for punitive damages against Defendants in their official capacities;

(5) **DISMISSES without prejudice Defendant Buitrago and Defendant Casias** as there are no remaining claims against them; and

---

[4] ECF No. 62, p. 4 n.2

(6) **ALLOWS** Plaintiff's excessive force claims to proceed as against the Cell Extraction Defendants in their individual capacities.

DATED this 21st day of April, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

4