# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-02073-RM-STV

ZHANDA CAREY,

    Plaintiff,

v.

DEPUTY CARLOS BUITRAGO,
SERGEANT TINA LOVATO,
DEPUTY JOHN WEST,
DEPUTY DONALD DEMELLO,
DEPUTY JAMES ANDERSON,
DEPUTY BILLY HUMBLES,
DEPUTY CHASE AUMILLELR,
DEPUTY DANIEL TRUJILLO,
DEPUTY RONALDO GRANZIER, and
SERGEANT JAMES CASIAS,

    Defendants.

## ORDER

This matter is before the Court on Plaintiff's "Combined Motion Requesting Court's Permission to Respond to Court Order Strickening Official Capacity Claim and Respond to Court's Order Strickening Official Capacity Claim" (the "Motion") (ECF No. 90). The Court finds no response is required before ruling. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

On March 18, 2020, the Magistrate Judge recommended that various motions be granted. (EF No. 62.) Plaintiff does not dispute he received a copy of the recommendation and the copy that was mailed to him was not returned to the court as undeliverable. Nonetheless, despite being

advised of the ability to object to the recommendation, Plaintiff filed no objection. After finding no clear error, the Court accepted the recommendation. Among other things, the Court dismissed Plaintiff's official capacity claims. (ECF No. 64.) Now, more than seven months after the Court accepted the recommendation, Plaintiff seeks leave to "respond" to the recommendation.

Rule 6(b) of the Federal Rules of Civil Procedure provides "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time:…on motion made after the time has expired if the party failed to act because of excusable neglect." Plaintiff appears *pro se*; therefore, the Court liberally construes his pleadings. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Nevertheless, Plaintiff must still comply with the same rules of procedure as other litigants. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). And, here, Plaintiff admits that his Motion is untimely but fails to offer any reason why it is untimely or any reason why the Court should allow him to respond, i.e., object, now. Accordingly, the Motion is denied.

Moreover, even if the Court were to consider the Motion on the merits, which it will not, it would deny the Motion. Specifically, Plaintiff argues the official capacity claims should not have been stricken[1] by asserting qualified immunity does not apply. But, the recommendation found the official capacity claims are subject to dismissal because Plaintiff failed to identify any policy or custom that caused his alleged injuries and because punitive damages are not available against a municipality. Thus, Plaintiff's Motion fails to address the basis for the dismissal and show why the recommendation was wrong. It is therefore

---

[1] They were dismissed.

**ORDERED** that Plaintiff's "Combined Motion Requesting Court's Permission to Respond to Court Order Strickening Official Capacity Claim and Respond to Court's Order Strickening Official Capacity Claim" (ECF No. 90) is DENIED.

DATED this 8th day of December, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge